# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLY RAYMOND** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-16047** |
| **STATE OF LOUISIANA** | **SECTION "A"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. <u>See</u> 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

## I. FACTUAL BACKGROUND

The petitioner, Kelly Raymond, is a convicted inmate currently incarcerated in the Winn Correctional Center in Winnfield, Louisiana.[2] On December 19, 2007, Raymond

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 1.

was charged by bill of information in Lafourche Parish Case No. 450829 with one count

of false imprisonment and two counts of aggravated battery with a dangerous weapon.[3]

The latter two counts were amended on October 15, 2008, to charge aggravated second

degree battery, and the State eventually dismissed count one.[4]  The Louisiana First

Circuit Court of Appeal summarized the facts of the case as determined at trial as

follows:

> Defendant and Shaquera Wallace lived together with their minor child in a trailer at the Drachenburg Trailer Park in Raceland, Louisiana.  In the early evening of April 15, 2007, the couple argued over defendant's accusation that Wallace had been unfaithful. Wallace denied the accusation and after contacting a relative, left their residence and took their child to the relative's home.  Defendant apologized to Wallace, and drove to the relative's home to pick up Wallace and the child and drive them home.  During the ride home, however, it became apparent to Wallace that the defendant was still upset with her.
>
> When they arrived at the trailer, Wallace carried their sleeping child inside and laid her on the bed in the master bedroom.  As she turned from the bed, defendant punched her in the stomach, causing her to double over. Defendant struck her again, knocking the breath out of her.  Defendant then retrieved a butcher knife and began stabbing Wallace on her arm. Commenting that the knife was too dull, defendant picked up a screwdriver and proceeded to stab Wallace several times in the neck.  Throughout the confrontation, defendant kept accusing Wallace of infidelity.
>
> Defendant later plugged in a curling iron and after it was heated, used it to repeatedly burn Wallace's legs.  Due to the intense pain she was experiencing, Wallace lost consciousness; however, defendant slapped her until she was awake, and then threatened to burn their child.
>
> Later, defendant used an iron pipe approximately twenty inches long to beat Wallace across the buttocks.  Defendant prevented Wallace from leaving their trailer and drove her to work the following day.  Wallace eventually went

---

[3]St. Rec. Vol. 1 of 3, Bill of Information, 450829, 12/19/07.

[4]St. Rec. Vol. 2 of 3, Hearing Transcript, p. 23-25, 10/15/08; Trial Transcript, p. 188, 1/22/09.

to the emergency room at St. Anne Hospital in Raceland, where she reported defendant's actions to the police. Defendant was later apprehended in Terrebonne Parish.

State v. Raymond, 24 So.3d 1031 (La. App. 1st Cir. 2009) (Table); State v. Raymond, No. 2009-KA-0810, 2009 WL 3452903, at *1-*2 (La. App. 1st Cir. Oct. 23, 2009); State Record Volume 3 of 3, Louisiana First Circuit Court of Appeal Opinion, pages 2-3, 2009-KA-0810, October 23, 2009.

The state trial court found Raymond competent to proceed, and Raymond waived his right to jury trial.[5] After trial on January 21 and 22, 2009, he was found guilty as charged on both counts of aggravated second degree battery.[6] On February 18, 2009, the state trial court denied Raymond's motion for a new trial.[7] After waiver of legal delays, the court sentenced Raymond to fourteen (14) years in prison at hard labor on each count concurrently and with restrictions on good-time eligibility.[8] The court also denied Raymond's motion to reconsider the sentence.[9]

---

[5]St. Rec. Suppl. Vol. 2 of 3, Hearing Transcript, p. 23, 10/15/08; Trial Transcript, p. 31, 1/21/09.

[6]St. Rec. Suppl. Vol. 2 of 3, Trial Transcript, p. 211, 1/22/09.

[7]St. Rec. Suppl. Vol. 1 of 3, Motion for New Trial, 2/2/09; St. Rec. Vol. 2 of 3, Sentencing Transcript, pp. 220-21, 2/18/09.

[8]St. Rec. Vol. 1 of 3, Sentence, 2/23/09; St. Rec. Vol. 2 of 3, Sentencing Transcript, pp. 227-28, 2/18/09; St. Rec. Vol. 3 of 3, Sentencing Minutes, 2/18/09.

[9]St. Rec. Vol. 1 of 3, Motion to Reconsider Sentence, 2/25/09; Trial Court Order, 2/25/09.

On direct appeal, Raymond's appointed counsel argued that the state trial court erred in finding Raymond competent to stand trial.[10] The Louisiana First Circuit affirmed the conviction on October 23, 2009, finding no merit in the claim.[11] Raymond did not seek immediate review of this ruling.

In the meantime, on March 18, 2009, the State filed a multiple offender bill of information under Lafourche Parish Case No. 466796, charging Raymond as a second felony offender in connection with his conviction in Case No. 450829.[12] After finding him competent to proceed, the state trial court adjudicated Raymond a second felony offender on November 17, 2010, and sentenced him as such to serve concurrent sentences of twenty-five (25) years in prison.[13]

Raymond's convictions and sentences became final thirty (30) days later, on December 17, 2010, because he did not seek reconsideration of or appeal his habitual offender sentence or seek review of his direct appeal in the Louisiana Supreme Court. Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003)) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)); Burton v. Stewart, 549 U.S. 147

---

[10]St. Rec. Vol. 3 of 3, Appeal Brief, 2009-KA-0810, 5/26/09.

[11]Raymond, 24 So.3d at 1031; Raymond, 2009 WL 3452903, at *1; St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2009-KA-0810, 10/23/09.

[12]Rec. Doc. No. 1-1, pp. 12-13 (habitual offender minutes, 3/18/09-11/17/10).

[13]Rec. Doc. No. 1-1, pp. 11, 13 (habitual offender sentencing minutes, 11/17/10).

(2007) (in a criminal case, judgment includes conviction and sentence, therefore the AEDPA "limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review,'" citing 28 U.S.C. § 2244(d)(1)(A)).

On July 6, 2010, before the multiple offender proceeding, Raymond had submitted to the state trial court an application for post-conviction relief asserting a single ground for relief:[14] The witnesses, Lieutenant Mark Adams, Gail Davis, Terri Throne and Shagera Wallace, testified falsely during the police investigation and under oath at trial. After the State responded, the trial court denied the application on December 8, 2010, finding that the perjury claims were not proper grounds for post-conviction relief under La. Code Crim. P. art. 930.3.[15]

The Louisiana First Circuit and the Louisiana Supreme Court denied Raymond's related writ applications without stated reasons on May 9, 2011, and March 9, 2012, respectively.[16]

---

[14]St. Rec. Vol. 3 of 3, Application for Post-Conviction Relief, 7/9/10 (dated 7/6/10).

[15]St. Rec. Vol. 3 of 3, Trial Court Judgment, 12/8/10; Reasons for Judgment, 12/8/10; State's Answer, 10/12/10.

[16]State ex rel. Raymond v. State, 84 So.3d 543 (La. 2012); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2011-KH-1116, 3/9/12; La. S. Ct. Letter, 2011-KH-1116, 6/1/11; 1st Cir. Order, 2011-KW-0036, 5/9/11.

Raymond later filed an untimely[17] second writ application in the Louisiana Supreme Court on August 3, 2012, apparently seeking review of the Louisiana First Circuit Appeal's direct appeal opinion in No. 2009-KA-0810, which was decided on October 23, 2009.[18] The court denied the application on November 30, 2012, for untimely seeking post-conviction review, citing La. Code Crim. P. art. 930.8 and State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995).[19] The court also denied Raymond's request for reconsideration on January 18, 2013.[20]

Eight months later, on August 19, 2013, Raymond submitted an application for post-conviction relief to the state trial court in Case No. 466796, challenging his multiple offender sentence on the following grounds:[21] (1) His counsel was ineffective because he failed to inform Raymond that the habitual offender sentence was appealable and to meaningfully challenge the prosecution's case. (2) The state trial judge suppressed

---

[17]Under La. S. Ct. R. X§5, an application must be mailed or filed within 30 days of the appellate court's ruling. Raymond's application, was submitted almost three years after the direct appeal was decided. See St. Rec. Vol. 3 of 3, La. S. Ct. Letter, 2012-KH-1809, 8/3/12.

[18]St. Rec. Vol. 3 of 3, La. S. Ct. Letter, 2012-KH-1809, 8/3/12.

[19]State ex rel. Raymond v. State, 103 So.3d 369 (La. 2012); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2012-KH-1809, 11/30/12.

[20]State ex rel. Raymond v. State, 107 So.3d 621 (La. 2013); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2012-KH-1809, 1/18/13. Raymond attempted to file an untimely appeal from the multiple offender adjudication and his request was rejected by the state trial court on February 19, 2013. St. Rec. Vol. 1 of 1, Notice of Appeal, 466796, 12/14/12; Trial Court Judgment, 466796, 2/19/13.

[21]Rec. Doc. No. 1-1, pp. 1-10 (Application for Post-Conviction Relief, dated 8/19/13); Rec. Doc. No. 12, pp. 33-43 (same).

mitigating evidence and punished Raymond because of his mental illness. (3) His conviction violated the United States and Louisiana constitutions because the state trial judge found him competent to proceed in the habitual offender proceeding without independent evaluation of his mental state.

While that matter was pending in the state trial court, on October 30, 2013, Raymond submitted a petition for federal habeas corpus relief to this court, C.A. No. 13-6449"A"(2), in which he asserted the following grounds for relief:[22] (1) He was not competent to stand trial. (2) He was denied effective assistance of counsel because counsel failed to challenge the State's case, advise the state trial court that Raymond was on medication during trial or advise Raymond that he could appeal the multiple offender proceeding. (3) The state trial court suppressed mitigating evidence of mental illness during sentencing. (4) The State's witnesses gave perjured testimony at trial. The State responded that Raymond's claims were premature and/or that state court review was unexhausted.[23] This court dismissed Raymond's petition without prejudice on December 30, 2014, because Raymond had failed to exhaust state court review of two of his four claims, ineffective assistance of counsel and suppression of mitigating evidence, both of which were pending review in the state trial court at the time.

---

[22]Civ. Action 13-6442"A"(2), Rec. Doc. No. 2.

[23]Rec. Doc. No. 7.

After a July 15, 2015, evidentiary hearing at which Raymond was represented by appointed counsel, the state trial court denied relief on the pending post-conviction application finding no merit in the claims asserted.[24]  The Louisiana First Circuit denied Raymond's related writ application on December 18, 2015.[25]  On February 10, 2016, Raymond signed and submitted a writ application to the Louisiana Supreme Court.[26]  The court, on June 3, 2016, declined to consider the writ application because it was untimely filed under La. S. Ct. Rule X§5.[27]

III.   FEDERAL HABEAS PETITION

On November 2, 2016, the clerk of this court filed Raymond's current petition for federal habeas corpus relief in which he asserts the following grounds for relief:[28] (1) He was not competent to stand trial on the underlying criminal charges. (2) His counsel was ineffective because he failed to subject the State's case to a meaningful challenge, advise the court that Raymond was on medication during trial or advise Raymond that he could appeal the multiple offender proceeding. (3) The state trial court suppressed mitigating

---

[24]Rec. Doc. No. 1-1, p. 14 (Hearing Minutes, 7/15/15); Rec. Doc. No. 12, p. 4 (Hearing Minutes, 7/15/15), pp. 22-24 (Hearing Transcript, 7/15/15).

[25]Rec. Doc. No. 12, p. 27 (1st Cir. Order, 2015-KW-1552, 12/18/15).

[26]Rec. Doc. No. 12, pp. 2-28 (La. S. Ct. Writ Application, 16-KH-809, 5/3/16 (dated 2/10/16)), pp. 29-32 (cover letter).

[27]State ex rel. Raymond v. State, 193 So.3d 1162 (La. 2016); Rec. Doc. No. 1-1, pp. 19-20.

[28]Rec. Doc. No. 1.

evidence of his mental health during sentencing. (4) The State's witnesses gave perjured testimony at trial.

The State filed an answer and memorandum in opposition to Raymond's petition asserting that the claims are without merit.[29]

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[30] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Raymond's petition, which, for reasons discussed below, is deemed filed in federal court on November 1, 2016.[31]  The threshold questions in habeas review under

---

[29]Rec. Doc. No. 11.

[30]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[31]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk filed Raymond's petition on November 2, 2016, when it was received.  Raymond obscured the date of his signature on the form petition, leaving the postal meter date of November 1, 2016, as the only date appearing in the record on which he could have submitted his pleadings to prison officials for mailing to a federal court.  The fact that he paid the filing fee after denial of pauper status does not alter the application of the federal mailbox rule to his pro se

the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State neither analyzed nor waived procedural default or the limitations defense in its response.  The record is clear that the Louisiana Supreme Court procedurally barred review of Raymond's post-conviction claims in 2013 under La. Code Crim. P. art. 930.3 and in 2016 under La. S. Ct. R. X§5.  The Louisiana Supreme Court barred as untimely Raymond's writ application seeking review of his competency claim asserted on direct appeal, citing La. Code Crim. P. art. 930.8.  The Louisiana Supreme Court's procedural rulings would bar review of the four claims asserted in Raymond's federal petition.  See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991) (a federal court will not review a question of federal law decided by a state court on a state procedural ground that is both independent of the federal claim and adequate to support that judgment); Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); Amos v. Scott, 61 F.3d 333, 338 (5th Cir. 1995) (citing Harris v. Reed, 489 U.S. 255, 260, 262 (1989)).

Nevertheless, I find that Raymond's federal habeas petition is untimely filed under the AEDPA.  The State erroneously noted that, because Raymond only recently

petition.  Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002).

completed state post-conviction review, "no prescriptive period working against the petitioner has expired."[32]  This is not the law under the AEDPA.  Instead, it is well-established that the AEDPA statute of limitations in a case like this runs from finality of the state conviction and <u>not</u> from the conclusion of state post-conviction proceedings. <u>Flanagan</u>, 154 F.3d 199 n.1.

The United States Supreme Court has held that "district courts are permitted, but not obligated, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." <u>Day v. McDonough</u>, 547 U.S. 198, 209 (2006).  "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions . . . and assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issues, and 'determine whether the interests of justice would be better served' by addressing the merits or by dismissing the petition as time barred." <u>Id</u>., 547 U.S. at 210 (citations omitted).  In this case, the record discloses no undue prejudice arising from the consideration of the timeliness issue and justice would be served by the dismissal of this petition as time-barred resulting from petitioner's own dilatory actions.  The record reflects no reason other than inadvertence and lack of familiarity with federal law for the State's failure to recognize the defenses to this federal

---

[32]Rec. Doc. No. 11, p. 7.

petition.  See Prieto v. Quaterman, 456 F.3d 511 (5th Cir. 2006) (citing Magouirk, 144

F.3d at 360).  This inadvertence does not constitute a waiver of the defense.

Accordingly, **petitioner is hereby specifically instructed that this report and**

**recommendation is notice to him that this court is addressing the issues of**

**procedural default and untimeliness and that petitioner must submit any evidence**

**or argument concerning procedural default and untimeliness as part of any**

**objections he may file to this report**.  Magouirk, 144 F.3d at 350, 360.  The court

therefore will address the limitations issue sua sponte.  For the reasons that follow,

Raymond's petition should be dismissed as time-barred.

IV.     STATUTE OF LIMITATIONS

The AEDPA requires that a Section 2254 petition must ordinarily be filed within

one year of the date the conviction became final.[33]  Duncan v. Walker, 533 U.S. 167,

---

[33]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other
triggers which do not apply here:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment of a State court.  The limitation period
> shall run from the latest of--
> A.     the date on which the judgment became final by the conclusion of direct review
>        or the expiration of the time for seeking such review;
> B.     the date on which the impediment to filing an application created by State action
>        in violation of the Constitution or laws of the United States is removed, if the
>        applicant was prevented from filing by such State actions;
> C.     the date on which the constitutional right asserted was initially recognized by the
>        Supreme Court, if the right has been newly recognized by the Supreme Court
>        and made retroactively applicable to cases on collateral review;  or
> D.     the date on which the factual predicate of the claim or claims presented could
>        have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other
> collateral review with respect to the pertinent judgment or claim is pending shall not be

179-80 (2001).  Raymond's conviction became final on December 17, 2010, which was thirty days after his multiple offender sentence when he did not seek reconsideration or file an appeal.  Applying Section 2244 literally, Raymond had one year from finality of his conviction, or until Monday, December 19, 2011,[34] to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

---

counted toward any period of limitation under this subsection.

[34]The final day was Saturday, December 17, 2011, which extended the last day of the period to Monday, December 19, 2011.  Fed. R. Civ. P. 6(a)(1)(C).

Raymond has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin,

14

162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

15

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas

16

petition. <u>Dillworth v. Johnson</u>, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); <u>Nara v. Frank</u>, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).

In Raymond's case, at the time his conviction became final on December 17, 2010, he already had pending a state application for post-conviction relief.  The post-conviction application remained pending until March 9, 2012, when the Louisiana Supreme Court denied his related writ application.  The one-year AEDPA statute of limitations period began to run the next day, March 10, 2012, and did so without interruption for 365 days until Monday, March 11, 2013,[35] when it expired.  Raymond had no properly filed state court application for post-conviction relief or other collateral review pending in any state court during that time.  His federal petition therefore is untimely under the AEDPA.

_____

[35]The final day was Sunday, March 10, 2013, which extended the last day of the period to Monday, March 11, 2013.  Fed. R. Civ. P. 6(a)(1)(C).

Raymond's prior federal habeas petition filed under the prisoner mailbox rule on October 30, 2013, which was <u>after</u> the AEDPA one-year statute of limitations had already expired, is not relevant to the timeliness calculation of the current federal habeas petition.[36] The United States Supreme Court has squarely held that an intervening, earlier <u>federal</u> habeas petition is <u>not</u> a state court proceeding and provides <u>no</u> tolling of the AEDPA statute of limitations during its pendency. <u>Duncan</u>, 533 U.S. at 167 ("We hold that an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. §2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.")

Similarly, the writ application Raymond submitted to the Louisiana Supreme Court on August 2, 2012, was procedurally improper because it was <u>not</u> timely under La. Code Crim. P. art. 930.8. The pleading therefore was not a "properly filed" application for post-conviction relief under Section 2244(d)(2). <u>Pace</u>, 544 U.S. at 417 (". . . time limits, no matter their form, are 'filing' conditions" so that when the state courts reject a state application for post-conviction relief as untimely, it cannot be considered "properly filed" to entitle the petitioner to statutory tolling pursuant to Section

---

[36]Civ. Action 13-6449"A"(2), Rec. Doc. Nos. 11, p. 9. Raymond's first federal petition also was untimely filed.

2244(d)(2)); Wardlaw v. Cain, 541 F.3d 275, 278 (5th Cir. 2008) (citing Pace, 544 U.S. at 414) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").

In addition, Raymond's state court filings made after the AEDPA one-year statute of limitations expired provided no tolling. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period). Raymond's next state court application for post-conviction review was submitted to the trial court on August 19, 2013, five months after the AEDPA statute of limitations had already expired. This pleading could not have interrupted a time period which had already ended.

Even if a reviewing court considered the latter post-conviction application in a tolling calculation, it was no longer pending by January 29, 2015, which was 30 days after the Louisiana First Circuit denied his related writ application, and he did not timely seek review in the Louisiana Supreme Court. As noted above, under La. S. Ct. Rule X§5, Raymond had 30 days from the appellate court's ruling on December 18, 2015, or until Tuesday, January 19, 2016,[37] to submit a writ application to the Louisiana Supreme Court which he did not do. Raymond did not sign and submit a writ application to that court until February 10, 2016. The untimeliness of the pleading was the basis for Louisiana

_____

[37]The final day was Sunday, January 17, 2016, which extended the last day of the period to the next business day, Tuesday, January 19, 2016. Fed. R. Civ. P. 6(a)(1)(C). Monday, January 18, 2016, was Martin Luther King Day, a legal holiday.

Supreme Court's decision not to consider the writ application. Under federal habeas law, a writ application which fails to comply with La. S. Ct. Rule X§5 is not "properly filed" because it is untimely, and it is not pending as post-conviction review for purposes of the AEDPA's statute of limitations and tolling doctrines. Butler, 533 F.3d at 318-19; Larry v. Dretke, 361 F.3d 890, 897 (5th Cir. 2004) (failure to file state pleadings in the time-frame provided for under state law rendered the pleadings not properly filed); Wardlaw, 541 F.3d at 279.

The burden is on petitioner to assert his federal claim in the state courts at a time and in the manner when state procedural law permits its consideration on the merits. Bell v. Cone, 543 U.S. 447, 451 n.3 (2005) (citing Baldwin, 541 U.S. at 30-32). Even considering the pendency of his untimely and improperly filed pleadings over the years, the record reflects that after finality of his state conviction on December 17, 2010, he allowed 529 days to pass during which he had no pleadings before any state or federal court. Thus, even giving him credit for the improper and untimely filings, he still has allowed more than one-year to pass without having properly sought federal habeas review. Raymond's federal petition is not timely.

Under the mailbox rule, Raymond's federal petition is deemed filed on November 1, 2016, which was three years and almost eight months after the AEDPA one-year

statute of limitations expired on March 11, 2013.  His federal petition was <u>not</u> timely filed and must be dismissed with prejudice for that reason.[38]

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Kelly Raymond's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served

---

[38]The United States Supreme Court decision in <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), is not relevant to the timeliness of this federal petition.  In <u>Martinez</u>, the Court held that a <u>procedural bar</u> imposed by <u>state courts</u> "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'"  <u>Trevino v. Thaler</u>, 133 S. Ct. 1911, 1912 (2013) (quoting <u>Martinez</u>, 566 U.S. at 13).  In this case, Raymond was represented by appointed counsel during post-conviction review of his ineffective assistance of counsel claims, which were initially addressed on the merits before he failed timely to exhaust review of his claims.  He did not allege ineffective assistance in that proceeding.  In addition, the <u>Martinez</u> and <u>Trevino</u> decisions do <u>not</u> address or provide an excuse for untimely filing of a federal habeas petition.  <u>See Arthur v. Thomas</u>, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the <u>Martinez</u> rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); <u>Smith v. Rogers</u>, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); <u>Falls v. Cain</u>, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation).  <u>Martinez</u> and <u>Trevino</u> also do <u>not</u> constitute new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA.  <u>See In re Paredes</u>, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) (". . . the Supreme Court has not made either <u>Martinez</u> or <u>Trevino</u> retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); <u>Adams v. Thaler</u>, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  Neither <u>Martinez</u> nor <u>Trevino</u> provide equitable or statutory relief from petitioner's untimely filing under the AEDPA.

with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[39]

New Orleans, Louisiana, this ____30th____ day of August, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[39]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.